**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 11 2014

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**AYLETTE ROPER**                                        **PLAINTIFF**

VS.                           No. 4:14-cv-729-SWW

**PORTFOLIO RECOVERY ASSOCIATES, LLC,**      **DEFENDANTS**
**and LORI WITHROW, individually and d/b/a**
**ALLEN & WITHROW, ATTORNEYS AT LAW,**
**and d/b/a LAW OFFICES OF ALLEN & WITHROW**

This case assigned to District Judge _____
and to Magistrate Judge _____

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Aylette Roper, by and through her attorneys Allison Koile

and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint against

Defendant Portfolio Recovery Associates, LLC (hereinafter individually referred to as

"PRA"), and Defendant Lori Withrow, individually and d/b/a Allen & Withrow, Attorneys at

Law and d/b/a Law Offices of Allen & Withrow (hereinafter individually referred to as

"Withrow") (all parties adverse to Plaintiff collectively referred to hereinafter as

"Defendants"), does hereby state and allege as follows:

## I.
## PARTIES, JURISDICTION AND VENUE

1.     This is an action for damages brought by an individual consumer for each Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and/or unfair practices, as well as claims for violations of the Arkansas Deceptive Trade Practices Act.

2.     Plaintiff is an individual consumer and is protected under 15 U.S.C. § 1692, *et seq,* as well as by the common and statutory laws of the State of Arkansas including the causes of action plead herein.

3.     Plaintiff is an individual resident of Jacksonville, Pulaski County, Arkansas.

4.     PRA is a foreign corporation registered to do business in the state of Arkansas, having identified Corporation Service Company located at 300 Spring Building, 300 South Spring Street, Suite 900, Little Rock, Arkansas 72201, as its registered agent for service.

5.     PRA operates primarily to purchase and collect debts, and does so using the United States Postal Service, as well as the telephone, and regularly attempts to collect debts alleged to be due to another and therefore is and has been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

6.     Lori Withrow is an individual citizen and resident of the state of Arkansas, admitted to practice law in the state of Arkansas, who provides legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business at 12410 Cantrell Road, Suite 100, Little Rock, Pulaski County, Arkansas 72223.

7.      Lori Withrow also does business as Allen & Withrow, Attorneys at Law, an Arkansas law firm providing legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business in Little Rock, Pulaski County, Arkansas, with offices located at 12410 Cantrell Road, Suite 100, Little Rock, Arkansas 72223.

8.      Lori Withrow also does business as Law Offices of Allen & Withrow, an Arkansas law firm providing legal representation to debt collectors as defined by 15 U.S.C. § 1692a, having a principal place of business in Little Rock, Pulaski County, Arkansas, with offices located at 12410 Cantrell Road, Suite 100, Little Rock, Arkansas 72223.

9.      Defendant Withrow also conducts the business of a debt collector and at times the actions taken by Defendant are either not those of an attorney or they are actions consisting of the blended duties of debt collector and attorney.

10.     Persons and corporations represented by Defendant Withrow operate primarily to collect debts, and do so using the United States Postal Service, as well as the telephone, and regularly attempt to collect debts alleged to be due to another and therefore are and have been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

11.     Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1337, in order to secure the relief authorized by the FDCPA, 15 U.S.C. §1692, *et seq*. Section 1692k(d) provides that jurisdiction lies in the Courts of the United States at the discretion of the aggrieved party.

12.     Moreover, the Eastern District of Arkansas has concurrent jurisdiction over all other claims herein based on all the underlying causes of action, including violations of the Arkansas Deceptive Trade Practices Act.

13.     Venue in this Court is further proper in that Defendants have brought an action to collect an alleged debt in an inferior state court located in this judicial district.

## II.
## FACTUAL BACKGROUND

14.     On or about July 17, 2014, Defendant Withrow caused to be issued and filed, respectively, a Summons and Complaint in the District Court of Pulaski County, Arkansas, against Roper on behalf of PRA who was collecting a debt which was allegedly assigned to or purchased by PRA from "HSBC Bank Nevada, NA."

15.     A true and correct copy of the District Court Summons and District Court Complaint is attached hereto as Exhibit "A" and incorporated by reference as if set forth word for word herein.

16.     As detailed below, the lawsuit referenced above was substantively and procedurally deficient in significant ways.

17.     The underlying lawsuit is based upon allegations that the defendant in the underlying lawsuit (Roper) failed to make payments or otherwise defaulted on a line of credit that originated from a lender who is not a party to the underlying lawsuit.

18.     The purpose of the underlying lawsuit was to collect an amount allegedly owed on a line of credit allegedly issued to Plaintiff Roper.

19.     As set forth more specifically below, the underlying lawsuit is deficient for a variety of reasons, including that it 1) lacks sufficient proof of an agreement regarding or consideration for the original debt; 2) lacks sufficient proof that the original debt was transferred to the plaintiff in the underlying lawsuit; 3) lacks sufficient proof that the affiant in the complaint in the underlying lawsuit had personal knowledge of any transactions, business records, or record-keeping practices as alleged by the affiant; 4) is facially barred by the applicable statute of limitations; and 5) violates Rule 10(d) of the Arkansas Rules of Civil Procedure.

20.     At all times relevant hereto, Defendants had full knowledge of the deficiencies described in the previous Paragraph.

21.     The debt at issue in the underlying lawsuit did not originate with PRA.

22.     Attached to the complaint in the underlying lawsuit is an Affidavit and Verification of Account completed by an employee of PRA.

23.     The Affidavit purports to be made with authority from the plaintiff in the underlying lawsuit.

24.     The affiant in the underlying lawsuit has no personal knowledge of the transactions alleged therein to have taken place between Roper and the debt originator.

25.     Neither the Affidavit nor any other document from the original lender attached to the complaint in the underlying lawsuit identifies the specific debt that is the subject of the district court lawsuit.

26.     Additionally, the underlying lawsuit lacks evidence of any written agreement creating the original debt and/or the actual extension of any loan or other

thing of value to the alleged debtor in the underlying lawsuit.

27.     Defendant PRA did not own the debt at the time of filing the underlying action and failed to attach any documentation of any such alleged debt to the Complaint in the underlying action, in violation of Arkansas Rules of Civil Procedure 10(d).

28.     Defendants Withrow and PRA knew they had no proof that PRA owned the debt at the time of filing.

29.     At the time of filing the underlying lawsuit, both Defendants knew they could not obtain proof of the debt that was allegedly owed to PRA.

30.     Further, the underlying lawsuit is barred by the statute of limitations as set forth in Arkansas Code Annotated § 16-56-105(1) which states that "all actions shall be commenced within three years on all actions founded upon any contract not in writing." *See* also *Northwest Arkansas Recovery, Inc. v. Davis*, finding that "the three-year statute of limitation in Arkansas Code Annotated § 16–56–105(1)(1987) applies to actions on open accounts." *Northwest Arkansas Recovery, Inc. v. Davis,* 89 Ark. App. 62, 69, 200 S.W.3d 481, 486 (2004) (citing *Taylor v. Slayton,* 231 Ark. 464, 330 S.W.2d 280 (1960)).

31.     At all times relevant hereto, Defendants had full knowledge of the facts alleged herein above, yet pursued the underlying lawsuit despite this knowledge.

### III.
### FIRST CLAIM FOR RELIEF:
### DEFENDANT WITHROW'S VIOLATIONS OF FDCPA

32.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

33.     Plaintiff asserts a claim for violations of the FDCPA against Defendant

Withrow, including multiple violations of Arkansas Rules of Civil Procedure 10 and 11 by Defendant Withrow, including improper collection attempts by and blatant misrepresentations in the pursuit of the underlying lawsuit against her.

34.     As attorney for the plaintiff in the underlying lawsuit against Plaintiff Roper, Defendant Withrow is liable for the significant violations of the FDCPA as alleged herein.

35.     Defendant Withrow pursued prosecution of the underlying lawsuit against Plaintiff at all times knowing, or in such a position as she should be charged with the knowledge, that the suit against Plaintiff Roper was not lawfully tenable.

36.     Plaintiff responded within thirty (30) days of the initial communication with a request for validation of the alleged debt pursuant to 15 U.S.C. § 1692g, disputing the debt alleged, by filing her Answer to the Complaint filed by Defendant Withrow. As stated in *Thomas v. Law Firm of Simpson & Cybak*, "Service by creditor's law firm of a summons and complaint, filed in state court against debtor, was an "initial communication" within the meaning of the Fair Debt Collection Practices Act (FDCPA), such that its service triggered an obligation to notify debtor of his validation rights within five days." *Thomas v. Law Firm of Simpson & Cybak*, 392 F.3d 914 (2004); see also, generally, *Goldman v. Cohen*, 445 F.3d 152 (2006).

37.     Despite Plaintiff's multiple requests by Plaintiff, Defendant Withrow failed to provide verification as required by 15 U.S.C. § 1692g(b). This failure, along with Defendant Withrow's continued pursuit of collection of the alleged debt through the filing of the underlying lawsuit, constitutes additional violations of the FDCPA.

38.     Furthermore, Defendant Withrow attempted to collect on a time-barred debt in violation of Arkansas Code and the FDCPA. The underlying lawsuit is barred by the statute of limitations as set forth in Arkansas Code Annotated § 16-56-105(1) which states that "all actions shall be commenced within three years on all actions founded upon any contract not in writing." *See also Northwest Arkansas Recovery, Inc. v. Davis*, finding that "the three-year statute of limitation in Arkansas Code Annotated § 16–56–105(1)(1987) applies to actions on open accounts." *Northwest Arkansas Recovery, Inc. v. Davis,* 89 Ark. App. 62, 69, 200 S.W.3d 481, 486 (2004) (citing *Taylor v. Slayton,* 231 Ark. 464, 330 S.W.2d 280 (1960)).

39.     By failing to bring forth this action within the statute of limitations, Defendant Withrow knew or should have known that the underlying action was time-barred and therefore, violated the FDCPA.

40.     Defendant Withrow violated Arkansas Rules of Civil Procedure Rule 10(d) because Defendant failed to attach to the district court case complaint any document that would support a claim against Roper that would satisfy Rule 10(d) of the Arkansas Rules of Civil Procedure. As stated in *LVNV Funding, LLC v. Nardi,* "where a plaintiff alleges breach of contract, a copy of the relevant contract must be attached to the Complaint." *LVNV Funding, LLC v. Nardi*, 2012 Ark. 460, 2 (Ark. 2012).

41.     Defendant Withrow further violated the FDCPA as she knew or should have known that PRA did not have any proof or validation of the debt allegedly owed by Roper. It is a blatant violation of the FDCPA when a party does not possess and cannot acquire any proof of the alleged debt.

42.     Due to Defendant Withrow's multiple violations of the FDCPA, Plaintiff was forced to hire an attorney and defend herself in the underlying lawsuit, despite Defendant Withrow's knowledge that the claims against Plaintiff were not legally tenable and could not be supported based on the facts then known to Defendant Withrow.

43.     Actual damages to Plaintiff include attorney's fees and court costs in both this action and in the underlying action which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by Plaintiff, all of which resulted from the actions and statements of Defendant Withrow.

44.     By reason of the unlawful acts alleged herein, Defendant Withrow is liable to Plaintiff for monetary damages, including actual damages, pre-judgment and post-judgment interest, statutory penalties and costs, including reasonable attorney's fees, all as provided for by the FDCPA.

## IV.
## SECOND CLAIM FOR RELIEF:
## DEFENDANT PRA'S VIOLATIONS OF FDCPA

45.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

46.     Plaintiff asserts additional claims for violations of the FDCPA against Defendant PRA including improper collection attempts and clear misrepresentations by PRA in the pursuit of the underlying lawsuit against her.

47.     As a qualifying debt collector and plaintiff in the underlying lawsuit, Defendant PRA is responsible for the significant violations of the FDCPA as alleged herein.

48.     Defendant PRA pursued prosecution of the underlying lawsuit against Plaintiff at all times knowing, or in such a position as it should be charged with the knowledge, that the suit against Plaintiff Roper was not lawfully tenable.

49.     Plaintiff responded within thirty (30) days of the initial communication with a request for validation of the alleged debt pursuant to 15 U.S.C. § 1692g, disputing the debt alleged by filing her Answer to the Complaint filed by PRA.

50.     Despite Plaintiff's multiple requests, Defendant PRA has failed to provide verification as required by 15 U.S.C. § 1692g(b). This failure, along with Defendant PRA's continued pursuit of collection of the alleged debt through the filing of the underlying lawsuit, constitutes additional violations of the FDCPA.

51.     PRA likewise violated the FDCPA in the pursuit of the underlying lawsuit against Plaintiff by specifically directing an employee of PRA to execute a false Affidavit and Verification of Account in the district court case.

52.     The Affidavit and Verification of Account states, "Account Assignee claims the sum of $2,187.05 as due and owing of the date of this affidavit." This statement is highly misleading, if not blatantly false, in that no amount is owed by Plaintiff Roper.

53.     The Affidavit and Verification of Account also contains false statements regarding the transfer of the original alleged debt to PRA in that there is no proof provided in the Affidavit or otherwise that this particularly alleged debt was, in fact, transferred to PRA. Affiant provides no information other than a blanket statement that a debt is owed by Roper in the sum of $2,187.05. PRA failed to provide any additional proof of this alleged debt.

54.    PRA's suggestion that Plaintiff Roper owes any amount to them or any other related company, constitutes false, deceptive, and/or misleading representations or means in connection with the collection of debts in violation of 15 U.S.C. § 1692e.

55.    Moreover, upon Plaintiff's best information and belief formed after a reasonable inquiry, PRA has no knowledge whatsoever regarding any initial contract for services for the debt alleged. Plaintiff has requested verification of the initial debt multiple times from Defendant PRA but PRA is unable to provide this information.

56.    PRA's suggestion that it has knowledge of an amount owed by Plaintiff is a false, deceptive, and/or misleading representation in connection with the collection of debts in violation of 15 U.S.C. § 1692e.

57.    Furthermore, Defendant PRA attempted to collect on a time-barred debt in violation of Arkansas Code and the FDCPA. The underlying lawsuit is barred by the statute of limitations as set forth in Arkansas Code Annotated § 16-56-105(1) which states that "all actions shall be commenced within three years on all actions founded upon any contract not in writing." *See* also *Northwest Arkansas Recovery, Inc. v. Davis*, finding that "the three-year statute of limitation in Arkansas Code Annotated § 16–56–105(1)(1987) applies to actions on open accounts." *Northwest Arkansas Recovery, Inc. v. Davis,* 89 Ark. App. 62, 69, 200 S.W.3d 481, 486 (2004) (citing *Taylor v. Slayton,* 231 Ark. 464, 330 S.W.2d 280 (1960)).

58.    By failing to bring forth the underlying action within the statute of limitations, Defendant PRA knew or should have known that the underlying action was time-barred and therefore, violated the FDCPA.

59.    Defendant PRA violated Arkansas Rules of Civil Procedure Rule 10(d) because Defendant failed to attach to the district court case complaint any document that would support a claim against Roper that could satisfy Rule 10(d) of the Arkansas Rules of Civil Procedure. Where a plaintiff alleges breach of contract, a copy of the relevant contract must be attached to the Complaint. *LVNV Funding, LLC v. Nardi*, 2012 Ark. 460, 2 (Ark. 2012).

60.    Due to Defendant PRA's multiple violations of the FDCPA, Plaintiff was forced to hire an attorney and defend herself in the underlying lawsuit, despite Defendant PRA's knowledge that the claims against Plaintiff were not legally tenable and could not be supported based on the facts then known to Defendant PRA.

61.    Actual damages to Plaintiff include attorney's fees and court costs in both this action and in the underlying actions which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by Plaintiff, all of which resulted from the actions and statements of Defendant PRA.

62.    By reason of the unlawful acts alleged herein, Defendant PRA is liable to Plaintiff for monetary damages, including actual damages, pre-judgment and post-judgment interest, statutory penalties and costs, including reasonable attorney's fees, all as provided for by the FDCPA.

## V.
## THIRD CLAIM FOR RELIEF:
## DEFENDANTS' VIOLATIONS OF THE ARKANSAS
## DECEPTIVE TRADE PRACTICES ACT

63.    Plaintiff re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

64.    In improperly representing to the Pulaski County Circuit Court and to Plaintiff that Plaintiff owed a debt, Defendants engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

65.    Defendant PRA engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Pulaski County District Court, and/or to Plaintiff, are not grounded in actual law.

66.    Defendant Lori Withrow, individually and d/b/a Allen & Withrow, Attorneys at Law, engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by its employee to the Pulaski County District Court, and/or to Plaintiff, are not grounded in fact.

67.    In taking the actions as set forth above, Defendants have engaged in unconscionable, false, and/or deceptive acts or practices in its business, in violation of Ark. Code Ann. § 4-88-107(a)(10).

68.    Defendant PRA's actions violate the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10) and 4-88-108 in that Defendant knowingly engaged in unconscionable, false, or deceptive acts through their attempts to collect

invalid debts.

69.     Defendant Lori Withrow, individually and d/b/a Allen & Withrow, violated the Arkansas Deceptive Trade Practices Act, Ark. Code Ann. § 4-88-107(a)(10) and 4-88-108 in that Defendant knowingly engaged in unconscionable, false, or deceptive acts through their attempts to collect invalid debts.

70.     The conduct described above and herein of all Defendants constitutes unfair or deceptive trade practices predominantly and substantially affecting the conduct of trade or commerce throughout the United States in violation of the ADTPA, Ark. Code Ann. §4-88-101, *et. seq.*

71.     Plaintiff is entitled to recover damages and a reasonable attorney's fee for every such violation pursuant to Ark. Code Ann. § 4-88-113(0).

WHEREFORE, premises considered, Plaintiff Aylette Roper respectfully requests that Defendant Portfolio Recovery Associates, LLC, and Defendant Lori Withrow, individually and d/b/a Allen & Withrow, Attorneys at Law, each be summoned to appear and answer herein; for judgment in an amount to be proved at trial, such judgment consisting of compensatory and punitive damages; and for all attorney's fees and all court costs incurred herein; and for all other good and proper relief to which she may be entitled, whether or not specifically requested herein.

Respectfully submitted,

**PLAINTIFF AYLETTE ROPER**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Allison Koile
Ark. Bar No. 2011154
allison@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com